Judge Owsley
delivered the opinion of the court.
This writ of error is brought to reverse a judgment rendered in favor of Allin, in an action brought by him for a fraud alledged to have been committed by Heath and For-man in the sale of an unsound negro woman and her child.
One of ttvo éx’ors prao 1tislnga fVe.ud hi the sale of h's testator’s ■itate, does not subject co-ex’or to án action.
An execu-torprac rising aftvudi 'he sale of his tester’s e-sTAtle, is an-swr rabie personally, -ot his fiduciary capacity.
tFhe questions made in this court, involve the propriety «f the refusal of the court below to grant a new trial.
The motion was made on the ground of the verdict being against^evidence; so that it is material, barely to review the evidence referred to in the bill of exceptions taken to that court’s refusal, and upon which the verdict of the jury appears to have been founded.
The evidence, as respects Heath, although not the most convincing, is certainly of a character which forbids the interposition of this court, against the finding of the jury, and the decision of the judge presiding at the trial.
But with respect to Forman, the record is totally destitute of any evidence conducing, in the slightest degree, to the establishment of a fraud. None of the witnesses prove he had any knowledge, when the negroes were sold, of their unsoundness; nor does either of them suggest a single point from which such a knowledge can, by any fair inference, be deduced.
If, from the knowledge of Heath, that of Forman could be inferred, then, as the evidence conduces to shew that Heath jenew of the unsoundness, the jury decided correctly in finding both guilty.
But we are of opinion the guilt of Forman ought not, and cannot, be deduced from that of Heath. In ordinary cases, the liability of one certainly is not implied in the guilt of another; and in the present case, although Forman and Heath both are shewn to be executors of the last will of John Heath, deceased, and the negroes appear to have been sold by them in their fiduciary character, yet, as for the commission of a fraud in the sale of the decedent’s estate, they are liable in their personal right, for the fraud of one the other should not be chargeable.
There being no evidence, therefore, conducing to establish á frauden Forman, the verdict of the jury against both of the defendants in the court below, is clearly against evidence, and the judgment of the court in conformity to that finding must, consequently, be irregular. But as the cause must be remanded to that court for further proceedings, it may be proper to remark, that as there exists no solid objection against the finding of the jury against Heath, the plaintiff there should be permitted, if he should desire to do so, to enter a nolle prosequi as to Forman, and take judg-ÍBPnt against Heath; but if that should not be desired, *444 then, as the application for a new trial is by both, it must be awarded.
Bibb for plaintiff, Pope for defendant in error.
The judgment must, however, be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion